# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

October 26, 2021

Lyle W. Cayce
Clerk

No. 21-60386
Summary Calendar

Johnnie E. Wheeler,

*Plaintiff—Appellant*,

*versus*

Mississippi State Parole Board,

*Defendant—Appellee*.

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:20-CV-768

Before Barksdale, Willett, and Duncan, *Circuit Judges*.

Per Curiam:*

Johnnie E. Wheeler, Mississippi prisoner # 32067, proceeding *pro se*, filed a petition for a writ of mandamus, under 28 U.S.C. § 1361, asserting: his parole-revocation proceedings violated his due-process rights; and Mississippi authorities should release him. Continuing to proceed *pro se*, he

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

appeals the dismissal of his petition, contending, *inter alia*: he acquired newly discovered evidence supporting his challenges; the district court had authority to grant mandamus relief under the Administrative Procedures Act; and the court had jurisdiction to review his other constitutional challenges.

A district court's mandamus authority does not extend to directing state officials in the performance of their duties and functions. *See Moye v. Clerk, DeKalb Cnty. Superior Ct.*, 474 F.2d 1275, 1276 (5th Cir. 1973) (denying mandamus relief). Moreover, Wheeler failed to brief, and therefore abandoned, any challenge to the court's conclusion that his petition constituted an unauthorized, successive habeas application over which it lacked jurisdiction. *See Yohey v. Collins*, 985 F.2d 222, 224–25 (5th Cir. 1993) (noting briefing standard applies to, already liberally construed, *pro se* briefs). (Even if he had briefed his challenge, it would be meritless. *See* 28 U.S.C. § 2244(b)(3) (requiring applicant, *inter alia*, to "move in the appropriate court of appeals for an order authorizing the district court to consider [second or successive] application" before filing it).)

AFFIRMED.